**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
_____ **DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 23 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Gaylyn Henderson
_____
(Print your full name)

Plaintiff *pro se*,

v.

U.S. Department of Health
and Human Services
_____

_____
(Print full name of each defendant; an
employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

**1:21-CV-0755**

(to be assigned by Clerk)

---

### *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

#### Claims and Jurisdiction

1.  This employment discrimination lawsuit is brought under (check only those that apply):

    ✓   Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

    > **NOTE**: To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Page 1 of 9

_____   Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

✓   Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____   Other (describe) _____

_____

_____

_____

_____

_____

2.   This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

**Parties**

3.   Plaintiff.   Print your full name and mailing address below:

Name   Gaylyn  Henderson

Address   1040  Huff  Rd  Apt. 2407

Atlanta, Ga  30318

4.   Defendant(s).   Print below the name and address of each defendant listed on page 1 of this form:

Name   U.S. Department of Health and Human Services

Address   61 Forsyth street NW

Atlanta, GA   30303

Name   

Address   

Name   

Address   

**Location and Time**

5.   If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

6.    When did the alleged discrimination occur?  (State date or time period)

    2015-2019

## Administrative Procedures

7.    Did you file a charge of discrimination against defendant(s) with the EEOC or
any other federal agency?      ✓  Yes         No

      If you checked "Yes," attach a copy of the charge to this complaint.

8.    Have you received a Notice of Right-to-Sue letter from the EEOC?

      Yes      ✓ No

      If you checked "Yes," attach a copy of that letter to this complaint and
state the date on which you received that letter:

9.    If you are suing for **age discrimination**, check one of the following:

          60 days or more have elapsed since I filed my charge of age
discrimination with the EEOC

          Less than 60 days have passed since I filed my charge of age
discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

_____ Yes          _____ No          __✓__ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

_____

_____

_____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

__✓__ Yes          _____ No          _____ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

Status awaiting AJ_____

_____

_____

_____

Page 5 of 9

## **Nature of the Case**

12.   The conduct complained about in this lawsuit involves (check only those that apply):

           failure to hire me
   ✓   failure to promote me
           demotion
           reduction in my wages
           working under terms and conditions of employment that differed from similarly situated employees
   ✓   harassment
   ✓   retaliation
           termination of my employment
   ✓   failure to accommodate my disability
   ✓   other (please specify) _forced to leave my position_

13.   I believe that I was discriminated against because of (check only those that apply):

           my race or color, which is _____
           my religion, which is _____
           my sex (gender), which is _____ male _____ female
           my national origin, which is _____
           my age (my date of birth is _____ )
   ✓   my disability or perceived disability, which is:

_Crohn's disease, Avascular necrosis, anxiety, migraine_

           my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

           other (please specify) _____

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

please see attached.

_____

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

Page 7 of 9

15.   Plaintiff   ✓   still works for defendant(s)

                 _____   no longer works for defendant(s) or was not hired

16.   If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?   ✓ Yes   _____ No

        If you checked "Yes," please explain: _____

        _____

        _____

        _____

        _____

17.   If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial.  Do you request a jury trial?   _____ Yes   ✓ No

### **Request for Relief**

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

✓   Defendant(s) be directed to   permanent promotion to GS-13/14 or GS-14 ,restored leave, loss wages, punitive damages retroactive to 2018

✓   Money damages (list amounts)   punitive damages approx $300,000 compensatory damages, loss wages approx $50,000  $150,000

✓   Costs and fees involved in litigating this case   debt: $9,641.06 amount update sf-50s

✓   Such other relief as my be appropriate

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this **22** day of **February** , 20 **21**

**Haylyn Henderson**
(Signature of plaintiff *pro se*)

**Gaylyn Henderson**
(Printed name of plaintiff *pro se*)

**1040 Huff road NW**
(street address)

**Atlanta, GA 30318**
(City, State, and zip code)

**hendersong14@hotmail.com**
(email address)

**470-377-0704**
(telephone number)

Page 9 of 9

Gaylyn Henderson
1040 Huff Road NW
Apt. 2407
Atlanta, Ga 30318
470-377-0704
Hendersong14@hotmail.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

GAYLYN HENDERSON,

     Plaintiff,

vs.

ALEX M. AZAR, II, SECRETARY, ) U.S.
DEPARTMENT OF HEALTH AND )
HUMAN SERVICES,

     Defendant

MSPB DOCKET NUMBER: AT-1221-20-0827-W-1

JUDICICAL REVIEW OF MSPB DECISION

### Jurisdiction

1. This court has jurisdiction under 28 U.S.C. §1331 and 5 U.S.C. § 7703(b) 1983.Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

### Venue

2. Venue is proper pursuant to 28 U.S.C. § 1391 because the duty station of the plaintiff resides in this district.

### Parties

3. Plaintiff (Gaylyn Henderson) resides at 1040 Huff Road NW, Apt. 2407 Atlanta, Ga 30318.

4. Defendant (US Dept of Health and Human Services) is located at 200 Independence Ave. SW Washington DC 20201

## **Statement of Facts**

*5. October 23, 2013* – I filed an EEO complaint due to discrimination and failure to promote

*6. August 24, 2015* – I contacted Nina Brooks (HR Specialist), Debra Martin (HR Specialist), and Linda Blackwell-Thomas (HR Specialist) via email to inquire about the incorrect status on my SF-50 and also to inquire what is the appropriate procedure for Schedule A appointees.

7. On August 19 I received communication from a job vacancy I applied for from the US Department of Health and Human Services, Centers for Disease Control Human Resources office stating "This position was open to current employees with permanent federal career/career-conditional status within the Department of Health and Human Services. The SF50 that was uploaded with your application shows that you are in the excepted service. That is why your application was marked outside the area of consideration."

*8. September 9, 2015*- I contacted my supervisor, at the time, Clara Cobb (*former* Regional Health Administrator) and Sharon Ricks (Deputy Regional Health Administrator, *current* Regional Health Administrator) via email about these personal matters (incorrect SF-50).

*9. September 9, 2015*- Sharon Ricks contacted Sharonda Green, Lavonnia Perrone, Danielle Duckett, Linda Blackwell-Thomas about these personnel issues.

*10. September 18, 2015*- After no response or corrective action, I filed a formal grievance with OASH because I was concerned of the improper handling and mismanagement of my personnel records. I was incorrectly classified as a temporary employee due to my disability (Exceptive Service was still listed on my SF-50 despite being employed since 2010).

*11. September/October 2015* – After no response and/or corrective action from HR, I

submitted an Office of Special Counsel claim (#MA-16-0115) because my personnel records were incorrect (retaliation), my SF-50 indicated I was an Exceptive Service appointment and a conditional tenure despite being employed since 2010.

*16. July 2017* – I submitted an OSC claim (MA -17 - 4392) because HHS failed to take or process a personnel action (promotion) in a timely manner (8 months) due to retaliation.

*17. July 2017* – I submitted an OSC claim (MA-17-4392) due to debt allegations

*18. May 30, 2019* - I contacted HHS EEO due to discrimination

*19. June 5, 2019* – I submitted an OSC claim (MA-19-3816) due to incorrect career status and failure to process a promotion.

*20. September 6, 2019* – I filed a formal EEO complaint

*21. October 22, 2019* – I submitted a request to amend my formal EEO complaint

*22. December 12, 2019* – I submitted a request to amend my EEO complaint

*23. February 18, 2020* – I amended my OSC claim to include debt allegations.

### Claim 1

24. My employing agency, HHS failed to take a personnel action. HHS failed to process my approved promotion to the GS-13 level based on performance and merit due to retaliation. I have been denied a promotion for two consecutive years. In January 2018, I was denied a career ladder promotion despite CY 2017 PMAP rating of "Achieved More than Expected Results" and CY 2018 PMAP rating of "Achieved Outstanding Results".

25. According to the Office of Special Counsel (OSC), my employing agency did not promote me in CY 2019 stating "information obtained from the agency (HHS) demonstrates that career ladder promotions were placed on hold for the employees slated for reassignment to

Rockville. The receiving office in Rockville wanted to evaluate the reassigned employees and determine whether they merited promotion".

26. My supervisor, Sharon Ricks, approved my promotion to the GS-13 level in December 2018. I was notified on December 2019 that HHS OASH office in Rockville/Washington DC approved my promotion to the GS-13 level. I did not relocate to Rockville prior to this approval. I provided information to OSC on March 25, 2020 showing that my promotion was approved to the GS-13 level prior to relocating and reassignment to Rockville illustrating HHS's claims are inconsistent with OSC findings and does not adhere to merit system principles.

### Claim #2

27. HHS's mismanagement of my personnel records and failure to process several personal actions, over the course of years, has led to consistent incorrect documentation of my personnel records which has caused me to be ineligible for several job opportunities has led to invalid debt allegations and has also caused me to go into student loan forbearance.

28. Without prior notification, on pay period end date December 16, 2016 pay roll deducted $1,641.06 from my paycheck to collect the alleged debt. In June 2017 the debt was found to be mostly invalid by the Defense and Finance and Account Service. I was never credited back money from the December 2016 debt collection occurrence. I provided information from the Defense Finance and Accounting Service (DFAS) to OSC on February 18, 2020 which states the debt was found to be mostly invalid.

OSC concluded that the agency was taking steps to revise the Complainant's personnel documents and provide her with a smooth transition from HHS/OASH to CDC, a position (at the GS-12 level) in which she was forced to take due to a hostile work environment and continued discrimination. OSC also concluded that she owed a debt to the agency. This cannot be true as my OSC complaint was filed in June 2019 and I was not offered a position at the CDC until August 2019, in which she was forced to take the offered position due to continued discrimination.

## Claim #3

29. I believe HHS failed to take a personnel action due to retaliation. HHS's gross mismanagement of my personnel records deemed me ineligible to apply to outside positions and was also the reason I was denied several positions in which I applied for outside of HHS. In addition, HHS failed to comply with OSC remedy to convert me to a full-time career competitive position for many years despite agreeing to do.

30. I believe HHS failed to take a personnel action due to discrimination and further retaliation. HHS's gross mismanagement of my personnel records deemed me ineligible to apply to outside positions and was also the reason I was denied several positions in which she applied for outside of HHS. In addition, HHS failed to comply with the OSC to convert me to a full-time career competitive position for many years despite agreeing to do so based on OSC claims.

31. I believe HHS has consistently retaliated against me by failing to accurately reflect my career status. According to OPM an employee is not subject to a new 2 year conversion period if they move from position to another. In case of a 5 CFR 213.3102(u) appointee transferring from one agency to another previously spent under a Schedule A appointment counts

toward the completion of the 2 year period if the person is reappointed without a break in service. The intent of Executive Orders 12125 and 13124 is to permit employees with disabilities to obtain civil service competitive status which is obtained through conversion to the competitive service rather than remaining in the excepted service.

32. HHS/OASH has routinely and erroneously mishandled my personnel records violating merit system principles and OPM guidelines. OASH has routinely failed to process timely promotions for me based on performance and merit. In 2016, I was promoted to the GS-12/13 position in March however, the agency failed to process the promotion until December, with no retroactive pay. Therefore, the I filed an OSC complaint and as a remedy the agency corrected and backdated the promotion (MA-17-4392). In January 2018, she was denied a career ladder promotion despite CY 2017 PMAP rating of "Achieved More than Expected Results". In December 2018, I was approved for a career ladder promotion to the GS-13 level, the agency failed to process (MA-19-3816). Regarding incorrect personnel records, I identified an error in my personnel records in 2015. I then contacted the appropriate officials within my agency to address it. After no corrective action, I submitted a complaint to OSC regarding the issue (MA-16-0115). OSC issued a remedy to correct the issue. HHS corrected the issue, however two days later I was reverted back to exceptive service. This resulted in another complaint with OSC (MA-16-4392), regarding the same concern, which resulted in the same remedy. Most recently, I submitted a complaint to OSC (MA-19-3816) regarding the same issue of still being identified as an exceptive service employee. This is continuous pattern of retaliatory behavior. To her knowledge, she is the only person within her office that has had these ongoing issues and concerns, she is also the only person to my knowledge that has filed an OSC complaint, an EEO complaint, and an agency grievance because of these ongoing issues. I believe the continued

1  inconsistencies and inaccuracies further illustrate how she is continuously being targeted

2  and retaliated against. In addition, several persons responsible for initiating/processing her

3  
4  personnel actions were the subject of the Complainant's previous OSC complaints and/or agency

5  grievance.

6  ## Claim #4

7  33. I was forced to resign my HHS/OASH position due to a hostile work environment.

8  ## Request for Relief

9  WHEREFORE, the plaintiff requests:

10  
11  14. Compensatory damages, including general and special damages.

12  15. Punitive damages.

13  16. Loss wages and prejudgment interest.

14  17. Permanent promotion to a position at the GS-13/14 level.

15  18. Restored annual and sick leave

16  
17  19. Disability and Reasonable Accommodation training for HHS supervisors and

18  managers

19  20. Back pay and personnel records to accurately reflect career status

20  21. Any further which the court may deem appropriate.

21  

22  

23  

24     Dated this 6th day of January, 2021.

25  

26  

27  By: Gaylyn Henderson

28  

Comm Exp date 1. 2. 2023

JUDICICAL REVIEW OF MSPB DECISION - 7

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## ATLANTA REGIONAL OFFICE



GAYLYN HENDERSON,

    Appellant,

      v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,

    Agency.

DOCKET NUMBER
AT-1221-20-0827-W-1

DATE: November 2, 2020

Gaylyn Henderson, Atlanta, Georgia , for the appellant.

Keith A. Eichenholz, Atlanta, Georgia, for the agency.

### BEFORE
Thomas J. Lanphear
Chief Administrative Judge

## INITIAL DECISION

The appellant filed an appeal with the Merit Systems Protection Board (Board) appealing the decision of the Office of Special Council concerning his claim of retaliation for protected activity relating to his claim of reprisal for whistleblowing and/or protected activity due to violations by the agency of 5 U.S.C.§ 2302(b) (8) or (b)9.  On October 5, 2020, the agency filed a motion asserting that I lack the authority to decide this appeal pursuant to the decisions issued by the Supreme Court in the case of *Lucia v. Securities Exchange Commission,* 585 U.S.__, 138 S. Ct. 2044, 201 L.Ed.2d 464 (2018).  Appeal File (AF), Tab 6. On October 14, 2020, the appellant filed a motion opposing the

agency's motion. AF, Tab 7. For the reasons discussed below, the appeal is DISMISSED WITHOUT PREJUDICE.

The Board's regulations provide, "Dismissal without prejudice is a procedural option that allows for the dismissal and subsequent refiling of an appeal." 5 C.F.R. § 1201.29. The regulation also provide that the decision to grant a dismissal without prejudice is left to the "sound discretion of the judge" based on a finding that any prejudice is outweighed by "interests of fairness, due process, and administrative efficiency." *Id.* Finally, the regulations provide that, with limited exception, the decision to dismiss an appeal without prejudice "will include a date certain by which the appeal must be refiled." *Id.*

The matter of whether the Board's administrative judges have the authority to decide matters such as this under *Lucia* is currently pending before the Board. On April 23, 2019, the same issue, i.e., whether the Board's administrative judges have the authority to adjudicate appeals based on *Lucia*, was certified to the Board for interlocutory appeal and remains pending. Accordingly, in the interest of judicial economy, I find good cause to dismiss this appeal without prejudice in order to allow a newly confirmed Board to address this issue.

This appeal will be automatically refiled by the Board on April 28, 2022. If the Board issues a decision addressing the Lucia issue prior to that date, the appellant may file a request to refile her appeal at any point after this decision becomes final (December 7, 2020) and prior to the date on which this appeal will be automatically refiled. Any documents already submitted in this appeal are already part of the record and should not be resubmitted when the appeal is refiled.

## DECISION

The appeal is DISMISSED.


FOR THE BOARD: _____/S/_____
                            Thomas J. Lanphear
                            Chief Administrative Judge

### NOTICE TO APPELLANT

This initial decision will become final on **December 7, 2020**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.


### BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must

state your objections to the initial decision, supported by references to applicable laws, regulations, and the record.  You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing.  A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## NOTICE OF LACK OF QUORUM

The Merit Systems Protection Board ordinarily is composed of three members, 5 U.S.C. § 1201, but currently there are no members in place.  Because a majority vote of the Board is required to decide a case, *see* 5 C.F.R. § 1200.3(a), (e), the Board is unable to issue decisions on petitions for review filed with it at this time. *See* 5 U.S.C. § 1203.  Thus, while parties may continue to file petitions for review during this period, no decisions will be issued until at least two members are appointed by the President and confirmed by the Senate.  The lack of a quorum does not serve to extend the time limit for filing a petition or cross petition. Any party who files such a petition must comply with the time limits specified herein.

For alternative review options, please consult the section below titled "Notice of Appeal Rights," which sets forth other review options.

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be

received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above.  5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C.  § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.   Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S.

Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> **U.S. Court of Appeals**
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

OFFICE OF FEDERAL OPERATIONS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
P. O. Box 77960
Washington, D.C. 20013

| | |
|---|---|
| GAYLYN HENDERSON,<br>Complainant,<br><br>v.<br><br>ALEX M. AZAR, II, SECRETARY, ) U.S.<br>DEPARTMENT OF HEALTH AND )<br>HUMAN SERVICES,<br>Agency. | OFO File No:<br><br>EEOC Case No:<br><br>MSPB Docket No: AT-1221-20-0827-W-1<br><br>Date: January 6, 2021 |

## **COMPLAINANT APPEAL BRIEF**

Complainant, hereby submits a brief in support of her appeal, which was filed on

January 6, 2021 on the above referenced matter.

On November 2, 2020 the MSPB issued its final order incorporating the MSPB

Chief Administrative Judge, Thomas J. Lanphear (hereafter AJ) final decision of

December 7, 2020.

The Complainant was notified on November 2, 2020 that she may request review

by the Equal Employment Opportunity Commission (EEOC) of her discrimination claims

only, excluding all other issues 5 U.S.C. § 7702(b)(1). As cited by the AJ "The matter of

whether the Board's administrative judges have the authority to decide matters such as

this under *Lucia* is currently pending before the Board. On April 23, 2019, the same

issue, i.e., whether the Board's administrative judges have the authority to adjudicate

appeals based on *Lucia*, was certified to the Board for interlocutory appeal and remains

pending. Accordingly, in the interest of judicial economy, I find good cause to dismiss

this appeal without prejudice in order to allow a newly confirmed Board to address this

issue." The Complainant herby submits a brief below, some new and some others already

Page 1

referenced in the MSPB appeal in which was dismissed without prejudice."

Complainant alleges that the Agency discriminated against her based on disability (Crohn's disease, Avascular Necrosis), and reprisal (prior EEO, OSC activity) as cited by AJ, "the appellant filed an appeal with the Merit Systems Protection Board (Board) appealing the decision of the Office of Special Council concerning his claim of retaliation for protected activity relating to his claim of reprisal for whistleblowing and/or protected activity due to violations by the agency of 5 U.S.C. § 2302(b) (8) or (b)9" when;

1) Complainant's employing agency, HHS failed to take a personnel action. HHS failed to process an approved promotion (*approved in December 2018*) to the GS-13 level based on performance and merit due to retaliation. The complainant had been denied a promotion for two consecutive years. In January 2018, she was denied a career ladder promotion despite CY 2017 PMAP rating of "Achieved More than Expected Results" and CY 2018 PMAP rating of "Achieved Outstanding Results".

2) HHS's mismanagement of the complainant's personnel records and failure to process several personal actions, over the course of years, has led to consistent incorrect documentation of the complainant's personnel records which has caused her to be ineligible for several job opportunities, has led to invalid debt allegations, and has also caused the complainant to go into student loan forbearance.

3) The Complainant believes HHS failed to take a personnel action due to discrimination and retaliation. HHS failed to process a personnel action and accurately reflect the Complainant's career status. In addition, HHS failed to comply with OSC remedy to convert her to a full-time career competitive position

for many years despite agreeing to do. HHS's gross mismanagement of her

personnel records deemed her ineligible to apply to outside positions and was also

the reason she was denied several positions in which she applied for outside of

HHS.

4) Forced to resign her position with OASH due to a hostile work environment

**Failure to promote**

The Complainant's employing agency, the US Department of Health and Human

Services (HHS) failed to take a personnel action. HHS failed to process her approved

promotion to the GS-13 level based on performance and merit due to retaliation and

discrimination.

According to the Office of Special Counsel (OSC), the complainant's employing agency

did not promote her in CY 2019 stating "information obtained from the agency (HHS)

demonstrates that career ladder promotions were placed on hold for the employees slated

for reassignment to Rockville. The receiving office in Rockville wanted to evaluate the

reassigned employees and determine whether they merited promotion".

The Complainant's supervisor, Sharon Ricks, approved her promotion to the GS-13 level

in December 2018. She was notified on December 2019 that HHS OASH office in

Rockville/Washington DC approved her promotion to the GS-13 level. She did not

relocate to Rockville prior to this approval. The Complainant provided information to

OSC on March 25, 2020 showing that her promotion was approved to the GS-13 level

prior to her relocation and reassignment to Rockville illustrating HHS's claims are

inconsistent with OSC findings and does not adhere to merit system principles.

**Debt Allegations/Mismanagement of personnel records**

HHS's gross mismanagement of the Complainant's personnel records and failure to process several personal actions has led to consistent incorrect documentation of personnel records which has caused her to be ineligible for several job opportunities and has also led to invalid debt allegations.

Without prior notification, on pay period end date December 16, 2016 pay roll deducted $1,641.06 from the Complainant's paycheck to collect the alleged debt. In June 2017 the debt was found to be mostly invalid by the Defense and Finance and Account Service. The Complainant was never credited back money from the December 2016 debt collection occurrence. She provided information from the Defense Finance and Accounting Service (DFAS) to OSC on February 18, 2020 which states the debt was found to be mostly invalid.

OSC concluded that the agency was taking steps to revise the Complainant's personnel documents and provide her with a smooth transition from HHS/OASH to CDC, a position (at the GS-12 level) in which she was forced to take due to a hostile work environment and continued discrimination. OSC also concluded that she owed a debt to the agency. This cannot be true as my OSC complaint was filed in June 2019 and I was not offered a position at the CDC until August 2019, in which she was forced to take the offered position due to continued discrimination.

**Failure to take a personnel action (convert to full-time/Career Competitive Status)**

The Complainant believes HHS failed to take a personnel action due to discrimination and further retaliation. HHS's gross mismanagement of the complainant's personnel

records deemed her ineligible to apply to outside positions and was also the reason she was denied several positions in which she applied for outside of HHS. In addition, HHS failed to comply with the OSC to convert her to a full-time career competitive position for many years despite agreeing to do so based on OSC claims.

The Complainant believes HHS has consistently retaliated against her by failing to accurately reflect her career status. According to OPM an employee is not subject to a new 2 year conversion period if they move from position to another. In case of a 5 CFR 213.3102(u) appointee transferring from one agency to another previously spent under a Schedule A appointment counts toward the completion of the 2 year period if the person is reappointed without a break in service. The intent of Executive Orders 12125 and 13124 is to permit employees with disabilities to obtain civil service competitive status which is obtained through conversion to the competitive service rather than remaining in the excepted service.

OASH has routinely and erroneously mishandled the Complainant's personnel records violating merit system principles and OPM guidelines. OASH has routinely failed to process timely promotions for her based on performance and merit. In 2016, she was promoted to the GS-12/13 position in March however, the agency failed to process the promotion until December, with no retroactive pay. Therefore, the Complainant filed an OSC complaint and as a remedy the agency corrected and backdated the promotion (MA-17-4392). In January 2018, she was denied a career ladder promotion despite CY 2017 PMAP rating of "Achieved More than Expected Results". In December 2018, she was approved for a career ladder promotion to the GS-13 level, the agency failed to process (MA-19-3816). Regarding incorrect personnel records, she identified an error in her

personnel records in 2015. The Complainant then contacted the appropriate officials within her agency to address it. After no corrective action, she submitted a complaint to OSC regarding the issue (MA-16-0115). OSC issued a remedy to correct the issue. HHS corrected the issue, however two days later she was reverted back to exceptive service. This resulted in another complaint with OSC (MA-16-4392), regarding the same concern, which resulted in the same remedy. Most recently, the Complainant submitted a complaint to OSC (MA-19-3816) regarding the same issue of still being identified as an exceptive service employee. This is continuous pattern of retaliatory behavior. To her knowledge, she is the only person within her office that has had these ongoing issues and concerns, she is also the only person to my knowledge that has filed an OSC complaint, an EEO complaint, and an agency grievance because of these ongoing issues. She believes the continued inconsistencies and inaccuracies further illustrate how she is continuously being targeted and retaliated against. In addition, several persons responsible for initiating/processing her personnel actions were the subject of the Complainant's previous OSC complaints and/or agency grievance.

For the reasons and evidence provide herewith, the Complainant respectfully request that the Commission overturn the Final Agency Decision incorporating the AJ's Decision in this matter and make a determination in favor of Complainant.

Respectfully submitted,

Gaylyn Henderson,
Complainant
1040 Huff Road NW
Apt. 2407

Atlanta, GA 30318
(404)498-3338 (office), (706) 399-3094 (cell)
Hendersong14@hotmail.com

## CERFITICATE OF SERVICE

I, the undersigned, hereby certify that I served the foregoing document(s) to the parties
indicated below by means indicated below on the date of signature below:

OFFICE OF FEDERAL OPERATIONS
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
PO Box 77960
Washington DC 20013

By Priority Mail with Delivery
Confirmation

Julie A. Murphy
HHS Deputy EEO Officer
Director, Office of Equal Employment
Opportunity, Diversity & Inclusion (EEODI)
330 C Street, SW, Suite 2500
Washington, DC 20201

By First Class Mail



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta,GA,30303**

## NOTICE OF RECEIPT OF HEARING REQUEST

Thank you for submitting your Request for a Hearing with an Administrative Judge in the EEOC's Atlanta District Office concerning complaint HHS-OS-0043-2019 against the HHS Office of the Secretary. Your case has been assigned EEOC case number 410-2020-00285X. When contacting EEOC about your pending case or submitting case-related documents, please refer to this case number. You may view any case-related documents once submitted through the EEOC Public Portal.

### Next Steps (For Complainants with EEOC Public Portal Account):

1. The Agency will receive notification of your hearing request in the Federal Sector EEOC portal, and will be directed to upload the case file, including the Report of Investigation.
2. You may receive an invitation from EEOC to participate in Alternative Dispute Resolution (ADR). You will be notified via email if your case is scheduled for an ADR conference.
3. If the parties do not engage in ADR or ADR is unsuccessful, an Administrative Judge will be assigned to your case. Offices assign cases to an Administrative Judge based upon the order of receipt, as well as the workload of the office. You will be notified as soon as an Administrative Judge is assigned.
4. Prior to assignment to an Administrative Judge, the parties should review the Report of Investigation and be prepared to tell the Administrative Judge other evidences needed to make a decision in your case.
5. In most cases, after the case is assigned to an Administrative Judge, an Initial Conference will be scheduled to discuss the accepted issues, evidence needed, and case management guidelines.
6. Under the Administrative Judge's guidance, both parties will have several opportunities to provide additional evidence and present arguments during the hearings process.
7. At any time after submission of your earing request you may inform us if your case has settled or if you want to withdraw your hearing request and/or EEO complaint by submitting the following documents:
Settlement Agreement; Request for a Final Agency Decision (FAD); and Withdrawal of Complaint.

### Next Steps (For Complainants without EEOC Public Portal Account):

1. If you do not already have an **EEOC Public Portal** account, we encourage you to create one by following this link https://publicportal.eeoc.gov/Portal/Login.aspx and click on register at the top right corner of the page.
2. Your account will allow you to access your hearing records at any time, upload documents and view documents uploaded by the Agency and by the EEOC.

RE: EEOC Appeal No. 2021001804                                                    2

1. **The Agency may submit a statement in opposition to your appeal (this step is optional).**

   The Agency has the option of submitting a statement in opposition to your appeal. If the Agency decides to send a statement, it must do so within 30 days from the day the Agency received your statement in support of your appeal, or if you did not file a brief, within 60 days of the agency's notice of your appeal. Using your EEOC Public Portal account, you will be able to log in and see the Agency's statement in opposition to your appeal.

2. **The Agency will upload the Report of Investigation, case file, and hearing record (if a hearing was held) to OFO.** This documentation will also be available for you to see using your EEOC Public Portal account.

3. **Your appeal will be assigned to an OFO attorney to review and draft a decision.**

4. **The EEOC Office of Federal Operations will send you a decision on your appeal.**

   OFO will send you the appellate decision by first class mail. After mailing the decision, OFO will upload a copy of that decision to the EEOC Public Portal for you to view. To preserve your anonymity, our decision will have a random pseudonym (fictitious name) listed in the caption under your real name. The published decision will only use the pseudonym — not your real name. But if you prefer that OFO publish the decision under your real name, you may notify OFO via the EEOC Public Portal.

**Things to do while you wait for a decision**

1. **Please update OFO on changes to your contact information.**

   If you change your contact information, such as your name or mailing address, please log in to the EEOC Public Portal to update OFO on your changes, so we can ensure that you will receive our appellate decision.

2. **Please let OFO know if you choose to opt out of the administrative appellate process by filing a civil action.**

   Generally, for most types of pending appeals, you can opt out of the administrative appellate process and file a lawsuit in court, if OFO does not issue an appellate decision within 180 days from the day you filed your appeal. Because filing a civil action terminates EEOC processing of your appeal, please let us know when you do file a civil action so we can administratively close your appeal. You can let us know by logging in to the EEOC Public Portal and uploading a document, saying that you have filed a lawsuit in court and wish to opt out of the federal sector administrative process. You will then receive a confirmation letter that your administrative appeal is closed.

**Helpful Resources**

- EEOC Management Directive 110, Chapters 9 and 10: https://www.eeoc.gov/federal/directives/md110.cfm.

- The Commission's appellate regulations are found in Title 29 of the Code of Federal Regulations at Part 1614, or on the web at https://www.gpo.gov/fdsys/pkg/CFR-2014-title29-vol4/xml/CFR-2014-title29-vol4-part1614.xml. We urge you to review these regulations.

If you have questions about the processing of your appeal, please call the EEOC Call Center at 1-800-669-4000, or write OFO's Officer of the Day at ofo.eeoc@eeoc.gov.

                              Sincerely,

                              Compliance and Control Division
                              Office of Federal Operations



**U.S. Equal Employment Opportunity Commission**
Office of Federal Operations
P. O. Box 77960
Washington, D.C. 20013

January 21, 2021

Gaylyn Henderson
1040 Huff Road, Nw
Apt. 2407
Atlanta, GA 30318
USA

Dear Gaylyn Henderson:

Thank you for filing an appeal with the EEOC Office of Federal Operations (OFO). We have received your January  06, 2021 appeal against the Department of Health and Human Services. The routing number associated with your appeal is: 2021001804. Please reference this routing number whenever you submit documents or correspond with OFO in the future.

**Next Steps**

1. You may submit a statement in support of your appeal, if you have not already done so (this step is optional).

   Generally, you may submit a supporting statement by February  05, 2021. But there is an exception: if you asked us to review a decision by the U.S. Merit Systems Protection Board (MSPB), you needed to submit your supporting statement at the same time you requested us to review the MSPB's decision.

   The most popular ways to send a statement in support of an appeal (except a petition to review a MSPB decision) are:

   • EEOC Public Portal. You can log in to the EEOC Public Portal, select the appeal with the appropriate routing number, and electronically submit your statement. The EEOC Public Portal will then automatically serve your supporting statement to the agency.

   • Mail. You can mail your statement to: Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, D.C. 20013. We will use the postmarked date as the filing date for your statement. If you mail us your supporting statement, you must also mail and serve the Agency with a copy of your statement.

   If you need more time to send us your statement, you can ask for more time by logging in to the EEOC Public Portal and electronically submit a request for an extension. Your extension request must be electronically submitted before February  05, 2021. In your request, you should describe why you need more  time.  You  can  also  ask  for  more  time  by  emailing ofo.extensions@eeoc.gov. Again, your email request must be sent before *February  05, 2021*.

3. When you register, to ensure that you will be able to access your hearing record when you login to the EEOC Public Portal, be sure to use **the same Email Address** associated with your hearing request, so that you will be able to access your hearing record in the EEOC Public Portal. Even without opening an account in the Portal, you may receive auto-generated notifications via the email associated with your hearing request that documents have been uploaded in your account.

To ensure proper service, please use the *EEOC Public Portal* to update your current contact information for you and your representative (if any).

**Helpful Resources**

- EEOC Management Directive 110, Chapter 7, at:
  https://www.eeoc.gov/federal/directives/md110.cfm
- EEOC Public Website at https://www.eeoc.gov/federal